UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Max G.R., <br><br> Plaintiff, <br><br> v. <br><br> Carolyn W. Colvin, <br> Commissioner of Social Security, <br><br> Defendant. | Civil No. 3:24-cv-01935-MPS <br><br><br> December 11, 2024 |

## **RECOMMENDED RULING RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Max G. R., representing himself, seeks the Court's review of a decision of the Commissioner of Social Security denying him Title II and Title XVI benefits.[1]  ECF No. 1, ¶ 7. Plaintiff filed the Complaint pursuant to 42 U.S.C. § 405(g) ("Section 405(g)"), which allows a Social Security claimant to challenge a "final decision" of the Commissioner in federal court.  At the same time, Plaintiff submitted an affidavit detailing his finances and requested permission to proceed *in forma pauperis*, without prepaying the customary $402 filing fees.  ECF No. 2.

When a plaintiff asks to proceed *in forma pauperis*, 28 U.S.C. § 1915 ("Section 1915") requires the Court to conduct two inquiries.  First, the Court reviews the financial affidavit and determines whether he is truly unable to pay the fees.  28 U.S.C. § 1915(a).  Second, the Court "screens" the complaint and dismisses it if it fails to "meet certain minimum legal requirements"

---

[1] Pursuant to D. Conn. Standing Order CTAO-21-01, Plaintiff will be identified solely by his first name and last initials.

set forth in Section 1915. *Jolley v. Second Jud. Cir. of U.S.*, No. 3:03-cv-1794 (DJS), 2004 WL 1171381, at *1 (D. Conn. May 25, 2004) (citing 28 U.S.C. § 1915(e)(2)(B)). For the reasons that follow, I grant the Motion to Proceed *In Forma Pauperis* and recommend dismissal of the Complaint without prejudice.

I. **The First Inquiry: Reviewing the Financial Affidavit**

"The threshold for a motion to proceed *in forma pauperis* is not high." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Plaintiff does not need to demonstrate "absolute destitution." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam). He only needs to demonstrate that prepaying the filing fees "would constitute a serious hardship." *Dan M. v. Kijakazi*, No. 3:22-cv-00664 (SRU), 2022 WL 2069112, at *1-*2 (D. Conn. May 19, 2022) (citing *Fiebelkorn v. U.S.*, 77 Fed. Cl. at 62). Plaintiff alleges he is unemployed, has no assets or investments, and supports himself and his dependents through government benefits. ECF No. 2, at 3-6. Such allegations are sufficient to demonstrate that he "cannot because of his poverty pay or give security for the [filing fees] and still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Therefore, I **GRANT** the Motion for Leave to Proceed *In Forma Pauperis*.

II. **The Second Inquiry: Reviewing the Complaint**

  a. **Standard of Review**

The Court must dismiss a complaint brought *in forma pauperis* when it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it is filed in a court that "plainly lacks jurisdiction to consider" it, *see Fuentes v. Conway*, No. 3:09-MC-97 (WIG), 2009 WL 1043905, at *2 (D. Conn. Mar. 27, 2009) (citing

*McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 30 (2d Cir.1996)), or "is based on an indisputably meritless legal theory," *see Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-327 (1989)).  A complaint fails to state a claim on which relief may be granted when it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Courts "accept as true all of the allegations contained in [a] complaint [except] legal conclusions" when determining whether it is frivolous or fails to state a claim.  *Id*. at 678.  However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth."  *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555).  Courts "liberally construe pleadings . . . submitted by *pro se* litigants" by "reading [them] to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. U.S*, 478 F.3d 489, 491 (2d Cir. 2007)).  However, they "may not fill the gaps of a *pro se* plaintiff's complaint by imagining facts that are not alleged." *Mugabo v. Wagner*, No. 22-CV-930-A, 2024 WL 1621534, at *2 (W.D.N.Y. Apr. 15, 2024) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Courts typically dismiss *pro se* complaints that do not satisfy Section 1915's requirements without prejudice, meaning that a plaintiff may amend the complaint to "flesh out all the required details" and address the court's concerns.  *Jolley v. Second Jud. Cir. of U.S.*, 2004 WL 1171381, at *1 (internal citations omitted); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, that is not always the case.  The Second Circuit directs this Court to dismiss *pro se* complaints with prejudice, or otherwise without granting leave to amend, when the "[C]ourt

3

can rule out any possibility, however unlikely it might be," that "an amendment will result in a claim being successfully pleaded." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d at 796.

### b. Discussion

Under Section 405(g), "judicial review of Social Security benefit determinations is limited to 'final' decisions of the Commissioner made after a hearing." *Mathews v. Chater,* 891 F. Supp. 186, 188 (S.D.N.Y. 1995), *aff'd sub nom. Matthews v. Chater,* 101 F.3d 681 (2d Cir. 1996) (citing *Califano v. Sanders*, 430 U.S. 99, 103 n. 3 (1977)). In other words, obtaining "a final decision is a prerequisite to subject matter jurisdiction" for Social Security appeals to this Court. *Id*. A claimant must "exhaust his administrative remedies" to obtain a final decision. *Dickman v. Soc. Sec. Admin*., No. 17-CV-7062 (MKB), 2017 WL 6734183, at *2 (E.D.N.Y. Dec. 29, 2017) (internal citations omitted). Doing so generally requires him to "request a hearing" before an Administrative Law Judge ("ALJ") and "seek review of the ALJ's decision" from the Appeals Council of the Social Security Administration. *Dave S. v. O'Mally*, No. 3:24-CV-718 (MPS), 2024 WL 3718344, at *2 (D. Conn. Aug. 7, 2024) (citing *Smith v. Berryhill*, 587 U.S. 471, 477 (2019)). "It is at that point," after the Appeals Council has acted on the claim, "that there is a final decision subject to judicial review." *Id*. (internal citations omitted).

A claimant then has sixty-five days to seek this Court's review. *See* 20 C.F.R. §§ 404.981, 416.1481 ("you may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action"); 20 C.F.R. §§ 404.1703, 416.1503 ("date we notify him or her means 5 days after the date on the notice, unless the recipient shows us that he or she did not receive it within the 5-day period"). Courts typically dismiss Social Security appeals when the plaintiff has not exhausted his administrative remedies or timely filed the complaint. *See, e.g.*, *Gonzalez v. Kijakazi,* No. 21-1449, 2022 WL 2297138, at *1 (2d Cir. June 27, 2022) (affirming

dismissal because the *pro se* plaintiff "did not appeal the ALJ's adverse ruling to the Appeals Council . . . instead, he filed a lawsuit in federal court more than six months after receiving the ALJ's decision"); *Kimberly W. v. Saul*, No. 3:21-CV-00042 (TOF), 2021 WL 880110, at *3 (D. Conn. Mar. 9, 2021) (dismissing because the *pro se* plaintiff filed the complaint fifty-four days late). However, "the exhaustion requirement may be waived either by the Commissioner or by the Court" when it "would have been futile" for a plaintiff to seek review from the Appeals Council, or when a plaintiff "would suffer irreparable harm if required to exhaust [his] administrative remedies." *Dickman v. Soc. Sec. Admin.*, 2017 WL 6734183, at *2 (citing *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996)). A plaintiff may overcome his failure to timely file a complaint by demonstrating that "some extraordinary circumstance" prevented him from doing so and he "has been [otherwise] pursuing his rights diligently." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Plaintiff filed the Complaint on December 6, 2024. ECF No. 1. It alleges that an ALJ issued an adverse decision regarding his Social Security claim on January 23, 2024. *Id.*, ¶ 7. However, the Complaint is silent about whether Plaintiff sought the review of the Appeals Council, on what date the Appeals Council acted on his claim, and whether he filed the Complaint within sixty-five days of such date. *Id*. Without this information, I cannot determine whether Plaintiff's claim is properly before the Court under Section 405(g). Accordingly, I recommend that the Complaint be **DISMISSED** without prejudice, meaning that Plaintiff may amend the complaint. To address my concerns and meet Section 1915's requirements, the amended complaint must include information about when the Appeals Council acted on his claim, why the Court should waive the exhaustion requirement in this case, and why the Court should excuse his failure to timely file the Complaint, as applicable.

### III.    Conclusion

For these reasons, I grant the Motion to Proceed *In Forma Pauperis* and recommend dismissal of the Complaint without prejudice.  Plaintiff shall file an amended complaint within thirty days of this recommended ruling, by **January 10, 2025**.  Otherwise, the Court may dismiss the case with prejudice.

This is a recommended ruling by a U.S. Magistrate Judge, to which Plaintiff may object under Rule 72 of the Federal Rules of Civil Procedure and Rule 72 of the Local Rules of Civil Procedure for the District of Connecticut.  Plaintiff must file any such objection within nineteen days of this recommended ruling, by **December 30, 2024**.  *See* Fed. R. Civ. P. 72(b)(2) (establishing that objections to recommended rulings must be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for parties who will receive notice of the recommended ruling by mail); Fed. R. Civ. P. 6(a)(1) (if a court-ordered time period ends on a Saturday, Sunday or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday") . If Plaintiff fails to file a timely objection, he may not later assign as error a defect in the recommended ruling, *see* D. Conn. L. Civ. R. 72.2(a), or seek appellate review, *see Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

If Plaintiff needs assistance with the case, he may contact Attorney Cat Itaya of the Federal Pro Se Legal Assistance Program at (203) 850-7720.  The Federal Pro Se Legal Assistance Program provides free, limited-scope legal services to self-represented litigants with cases in this Court who cannot afford to hire an attorney.

SO ORDERED.

                                              */s/ Maria Garcia, USMJ*
                                              Hon. Maria E. Garcia
                                              United States Magistrate Judge